

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00067-CR
07-15-00068-CR

JEREMY EDWARD SUSTAITA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 67,370-B, 68,439-B, Honorable John B. Board, Presiding

December 9, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jeremy Edward Sustaita entered open pleas of guilty to two charges of possession of a controlled substance. The trial court sentenced him to concurrent prison terms of ten years in the first case[1] and five years in the second.[2] Through two

---

[1] Trial court cause number 67,370-B and appellate case number 07-15-00067-CR.

[2] Trial court cause number 68,439-B and appellate case number 07-15-00068-CR.

issues, appellant contends the State's argument to the court on punishment was improper and his counsel rendered ineffective assistance. Finding appellant's issues have no merit, we will overrule both issues and affirm the judgments of the trial court.

Background

In the first case, appellant was indicted for possession of four grams or more but less than 200 grams of methamphetamine, enhanced by a prior felony conviction for unlawful possession of a firearm by a felon.[3] In the second case an indictment, returned some six months later, charged appellant with possession of one gram or more but less than four grams of methamphetamine, also enhanced by the firearm possession conviction.[4] In a unitary proceeding, appellant entered an open plea of guilty in both cases and each proceeded to disposition.

Appellant was the only witness to testify. His testimony and the State's exhibits on cross-examination focused chiefly on appellant's criminal background. The record shows appellant received a fourteen-month sentence in a state jail in 2001 after his community supervision for burglary of a building was revoked. He received a seven-

---

[3] Tex. Health & Safety Code Ann. § 481.115(a),(d) (West 2010). The offense is a second-degree felony, *id.,* but was enhanced to a first degree felony by proof of a prior felony conviction. Tex. Penal Code Ann. § 12.42(b) (West Supp. 2015). A first degree felony is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and by a fine not to exceed $10,000. Tex. Penal Code Ann. §12.32(a), (b) (West 2011).

[4] Tex. Health & Safety Code Ann. § 481.115(a),(c) (West 2010). The offense is a third-degree felony, *id.,* but was enhanced to a second degree felony by proof of a prior felony conviction. Tex. Penal Code Ann. § 12.42(a) (West Supp. 2015). A second degree felony is punishable by any term of imprisonment of not more than twenty years or less than two years and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.33(a), (b) (West 2011).

year prison sentence for the unlawful possession of a firearm by a felon after his community supervision was revoked in 2004. He received jail sentences for other misdemeanors and a state-jail felony[5] during the years from 1999 through 2012. On cross-examination appellant agreed the term "habitual offender" might describe him.

Appellant asked the court to place him on community supervision and order him placed in SAFPF. The State argued appellant should not be considered for probation because of his two prior felony probation revocations. It suggested a punishment range of twenty to twenty-five years' confinement in the first case and ten to twenty years in the second case. The court did not follow either sentencing recommendation.

Analysis

In his first issue, appellant contends during argument the prosecutor wrongly argued that appellant's punishment range should parallel that of habitual offenders coming under Penal Code section 12.42(d).[6] Despite the number of appellant's prior convictions, it is undisputed that enhancement under section 12.42(d) was not available.

On appeal, appellant points to the following portions from the State's argument for his complaint:

> While [appellant] doesn't fit what the Code says is a habitual felony
> offender because of the kinds of felonies we've got . . . I think the idea,

---

[5] *See* TEX. PENAL CODE ANN. § 12.44(a) (West 2011) (authorizing a trial court to punish a defendant convicted of a state jail felony with a term of confinement allowed for a Class A misdemeanor if it finds such punishment would best serve the ends of justice).

[6] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015) (specifying, under stated circumstances not existing here, an enhanced imprisonment range of life or twenty-five to ninety-nine years).

though, behind that statute on the habitual felony offender is, at some point the Code presumes that if you're going to commit a felony, get convicted, do your time, get out and then commit another felony, that at that point the law presumes you're a habitual felony offender under that one statute.

\* \* \* \*

Well, what we've got in this case is while it doesn't fit that statute, what it does is it fits a pattern of the Defendant. At 22 and at 25 and at 30, at 33 and at 35, he's been before a Judge on criminal offenses. Now if that's not a habit, if that's not a habitual offender, leave the other part out, but if that's not a habitual criminal offender, I don't know what is. . . .

Appellant made no objection to the State's argument and, therefore, nothing is preserved for our review. TEX. R. APP. APP. P. 33.1(a); *Threadgill v. State,* 146 S.W.3d 654 (Tex. Crim. App. 2004) ("Appellant did not object to the prosecutor's argument and therefore failed to preserve error"). Moreover, even if the error appellant claims occurred and had been preserved, it was harmless. There is no indication in the record that the State's argument affected a substantial right of appellant. *See* TEX. R. APP. P. 44.2(b) (for non-constitutional error, "[a]ny other error, defect irregularity, or variance that does not affect substantial rights must be disregarded"). The argument was to the bench. As trier of fact and judge of the law, the trial court was fully capable of disregarding any improper argument. *See Lopez v. State,* 725 S.W.2d 487, 490 (Tex. App.—Corpus Christi 1987, no pet.) ("[T]he trial court was sitting as trier of fact and was quite capable of disregarding any improper argument, and will be presumed to have done so"); *Trevino v. State,* Nos. 13-09-00511-CR & 13-09-00512-CR, 2010 Tex. App. LEXIS 6751, at \*25-26 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. refused) (mem. op., not designated for publication) (addressing ineffective assistance complaint arising from counsel's failure to object to the State's argument to the court). As noted,

4

appellant has an extensive criminal history and the sentences imposed were on the low end of the available range. Appellant's first issue is overruled.

Appellant complains in his second issue that his trial counsel rendered ineffective assistance by failing to object to the State's argument that the sentencing range should parallel that of section 12.42(d).

In *Strickland v. Washington* the Court announced a two-pronged test for analyzing claims of ineffective assistance of counsel under the United States Constitution. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires a defendant to prove counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 689-90. Under the second prong, a defendant must show that the deficient performance prejudiced the defense. *Id.* at 687. The standard for judging prejudice requires that the defendant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697. Appellant had at least seven prior convictions and two felony community supervision revocations. The trial court gave no indication that it believed appellant

5

should be sentenced in the range required by section 12.42(d) for a habitual offender. As noted, the periods of confinement assessed fell toward the lower end of the available range for the two offenses and no fines were imposed.  Appellant has not demonstrated the degree of prejudice required of the second *Strickland* prong.  His second issue is overruled.

## Conclusion

Having overruled appellant's two issues, we affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.